UNITED STATES of America for the Use and Benefit of CONTROL SYSTEMS, INC., Plaintiff-Appellee,

v.

ARUNDEL CORPORATION, et al., Defendants-Cross Defendants-Appellants, Cross-Appellees,

v.

LAR ELECTRIC, INC., Defendant-Cross Plaintiff-Appellee, Cross-Appellant.

No. 85–4948.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1987.

Paul W. Killian, David C. Mancini Vienna, Va., for defendants-appellants.

Guin, Bouldin & Alexander, William M. Bouldin, Russellville, Ala., Claude A. Chamberlin, Aberdeen, Miss., for Lar Elec., Inc.

Grady F. Tollison, Lauren Gordon Alexander, Oxford, Miss., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges:

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion April 10, 1987, 5 Cir., 1987,
814 F.2d 193)

PER CURIAM:

Rehearing having been requested, the prior opinion of the panel is modified or clarified in the following particulars:

1. In remanding Arundel's claims against Control, we express no opinion on the legal or factual substance of those claims.

2. We adhere to our prior conclusion that the district court erred in construing the delivery date under the Lar-Control agreement by reference to the Control order acknowledgement alone. This conclusion is rendered irrelevant, however, by the fact that the district court also found that Lar accepted the goods delivered by Control without a timely complaint of tardy delivery. Lar's failure to notify, the district court held, contravened Miss.Code Ann. § 75-2-607(3)(a), providing that:

> (3) where a tender has been accepted
> (a) the buyer must within a reasonable time after he discovers ... any breach—notify the seller of breach or be barred from any remedy; ....

Despite Lar's protestation to the contrary, unaided by citation, this circuit has held that this section of the Uniform Commercial Code applies to claims of damages for late delivery. *Eastern Airlines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957, 970–78 (5th Cir.1976). Moreover, we do not find this conclusion erroneous or limited to the district court's resolution of the punitive damage issue. Thus, whether or not Control breached the delivery term of its contract with Lar, Lar is not entitled to recover, and there is no need to remand the issues pertaining to performance or breach of the Lar-Control contract.

3. All other relief sought in the motion for rehearing is denied.

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is denied.